| | |
|---|---|
| ROBIN M. SUMPTER and | ) |
| JOHN SUMPTER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 4:17-CV-2289 RLW |
| | ) |
| ALLERGAN, INC., NUSIL TECHN. LLC, | ) |
| and CAROL R. MISCHNICK, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the unopposed motion of Carol R. Mischnick, M.D., to dismiss the claims against her. [ECF No. 7] This motion shall be granted.

### **Background**

Plaintiff Robin Sumpter (Plaintiff) brought this action after allegedly suffering adverse repercussions from the implantation of silicone gel-filled breast implants. She specifically alleges that she changed her initial preference for saline implants based on the assurance of Dr. Mischnick that the silicone implants were the better option. (Am. Compl. ¶¶ 14-17, ECF No. 6.) Because of her reliance on Dr. Mischnick and the resulting problems, Plaintiff has experienced physical and emotional difficulties. (*Id.* ¶¶ 21-24.) In Count V of her amended complaint, Plaintiff seeks to hold Dr. Mischnick strictly liable for those difficulties. (*Id.* at 13-15.)

In Count VI, John Sumpter seeks to hold Dr. Mischnick and the two corporate defendants for his loss of consortium. (*Id.* at 15.)

Dr. Mischnick moves to dismiss Count IV and the claims against her in Count V. Plaintiffs have not opposed her motion.

**Discussion**

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The complaint must, however, be liberally construed in the light most favorable to the plaintiff and the factual allegations must be accepted as true. *See Id.* at 555; *see also Schaaf v. Residential Funding_Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v._Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

Plaintiff's claims against Dr. Mischnick on a theory of strict liability are foreclosed by the Missouri Supreme Court's holding in *Budding v. SSM Healthcare Sys.*, 19 S.W.3d 678, 681 (Mo. 2000) (en banc). Construing the provisions of Mo.Rev.Stat. § 538.205(4), the Court determined that "that strict liability is not applicable to health care providers." *Id.* Accordingly, the claims against Dr. Mischnick must be dismissed.

Consequently, the claims of John Sumpter against her for loss of consortium must also be dismissed. *See Kamerick v. Dorman*, 907 S.W.2d 264, 267 (Mo.Ct.App. 1995) (holding that a "consortium claim is derivative from the injured spouse's claim and depends on the validity of the underlying claim).

2

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion to dismiss of Carol R. Mischnick is

GRANTED. [ECF No. 7]

**IT IS FURTHER ORDERED** that the claims against Carol R. Mischnick are dismissed

Dated this 6th day of December 2017.

Bonnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**